THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Respondent,
 v.
 Gary Bennett, Petitioner.
 
 
 

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From Horry County
 John M. Milling, Circuit Court Judge

Memorandum Opinion No.  2007-MO-040
 Heard February 14, 2007  Filed June 25,
 2007  

AFFIRMED

 
 
 
 Chief
 Attorney Joseph L. Savitz, III, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General
 William Edgar Salter, III, all of Columbia, and John Gregory Hembree, of
 Conway, for Respondent.
 
 
 

JUSTICE
 PLEICONES:  We granted
 certiorari to review a Court of Appeals decision finding error but no
 prejudice in the trial courts impeachment ruling, and affirming petitioners
 murder and armed robbery convictions.  State v. Bennett, Op. No.
 2004-UP-439 (S.C. Ct. App. filed August 13, 2004).  We affirm.
Petitioner
 was charged with murdering and robbing the victim, an acquaintance, in her
 home.  The States case rested, almost exclusively, on the testimony of Andrew
 Lindsay.  Lindsay admitted being in the trailer when petitioner killed the
 victim, but denied having prior knowledge of petitioners plans or assisting
 him in committing the murder or the armed robbery.  Although petitioner
 presented no evidence, he sought to suggest through cross-examination that
 Lindsay had gone to the trailer alone and committed both offenses.
At the
 outset of the trial, the State made a motion in limine to limit
 Lindsays impeachment by his 1991 conviction for second degree murder in Illinois.  Specifically, the State sought and obtained a ruling limiting the impeachment to
 the fact that Lindsay had been convicted of a felony carrying a 15 year
 sentence.  The Court of Appeals held that while the trial judge erred in
 limiting Lindsays impeachment, petitioner was not prejudiced by that ruling.
ISSUE

 
 Whether the Court of Appeals erred in finding petitioner was not
 entitled to a new trial because the trial court improperly limited his
 impeachment of Lindsay?
 

ANALYSIS
Rule
 609(a)(1), SCRE, provides:

 (a) General Rule.  For the purpose of attacking the credibility of a witness,
 
 (1) evidence that a witness other than an
 accused has been convicted of a crime shall be admitted, subject to Rule 403,
 if the crime was punishable by death or imprisonment in excess of one year
 under the law under which the witness was convicted, and evidence that an
 accused has been convicted of such a crime shall be admitted if the court
 determines that the probative value of admitting this evidence outweighs its
 prejudicial effect to the accused.
 

According to the reporters
 notes, the same standard for balancing prejudice against probative value under
 Rule 403 is employed, whether the person to be impeached is a witness or a
 criminal defendant.
The reason for
 permitting a jury to learn of a witnesss prior conviction is to allow the
 jurors to use the conviction in evaluating the witnesss credibility.  Rule
 609.  Once the trial judge determines the witness has a qualifying prior
 conviction, he must then apply a Rule 403 balancing test.  In weighing
 prejudice and probative value, a trial judge must take into account
 similarities between past convictions and present charges.  Close similarities
 weigh against admissibility.  State v. Bryant, 369 S.C. 511, 633 S.E.2d
 152 (2006). 
Here, the crime for
 which petitioner was on trial, and for which he wished to shift suspicion to
 Lindsay, was murder.  Had the judge wished, he could have excluded Lindsays
 prior homicide conviction altogether on the ground that prejudice outweighed
 any probative value.  In permitting Lindsay to be impeached by his prior
 offense, but prohibiting disclosure of the nature of the crime, the trial judge
 removed the possibility that the jury would impermissibly use the prior
 conviction to adjudge Lindsay guilty of this murder, rather than use the
 conviction to evaluate his credibility.  Thus, petitioner was not deprived of
 the impeachment value inherent in Lindsays prior conviction.
An appellate court
 will not disturb a trial courts ruling concerning the scope of
 cross-examination of a witness to test his credibilityabsent a manifest abuse
 of discretion.  State v. Johnson, 338 S.C. 114, 525 S.E.2d 515 (2001). 
 We perceive no abuse of discretion here.
CONCLUSION
The decision of the
 Court of Appeals affirming petitioners convictions is
AFFIRMED.
TOAL,
 C.J., MOORE, WALLER and BURNETT, JJ., concur.